# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ALLSTATE INDEMNITY COMPANY**<br>Plaintiff | * | |
| | * | |
| v. | * | Civil No. JKB-09-3411 |
| | * | |
| **CHARLES E. PARSONS**<br>Defendant | * | |
| | * | |

******

## MEMORANDUM

Plaintiff Allstate Indemnity Company has moved to dismiss the counterclaim filed by Defendant Charles E. Parsons. (Paper Nos. 14, 16.) The matter has been briefed (Paper Nos. 17, 18), and no hearing is necessary, Local Rule 105.6. The motion is granted in part and denied in part by separate order.

Allstate brought this action for declaratory judgment, seeking a declaration that Allstate has no duty to pay Parsons's claim under an insurance policy after a fire, which Allstate alleges was intentionally set, substantially damaged a rental property owned by Parsons in November 2008. (Paper No. 1.) Allstate relies upon two provisions in the policy: one states that the company does not cover any loss or occurrence in which an insured person has concealed or misrepresented a material fact or circumstance; the other states that the company does not cover any loss to property when the loss was caused by intentional or criminal acts of an insured person regardless of whether an insured person is charged with or convicted of a crime. (*Id.* at ¶¶ 8, 9.)

Parsons filed a counter complaint for breach of contract. (Paper No. 14.) Parsons alleges that Allstate did not fulfill its contractual obligations, "thus acting in Bad Faith when entering

their agreement." (*Id.* at 1.) Accordingly, he requests that he be awarded damages in the amount of $225,000 "plus Seven (7%) [sic] annual interest in restitution," punitive damages of $1,000,000, and his attorney's fees and costs. (*Id.* at 1-2.) Allstate has moved to dismiss the counterclaim, arguing that it fails as a matter of law because Maryland does not recognize a tort for bad faith in first-party insurance disputes and because Maryland law bars attorney's fees and punitive damages in this type of case. (Paper No. 16 at 2.)

It is logical, appropriate, and lawful for Parsons to assert a counterclaim for breach of contract in this case. So, Allstate's motion to dismiss, insofar as it seeks to dismiss the counterclaim in its entirety, is denied. However, Parsons has muddied the waters by alleging bad faith by Allstate. "Bad faith" denial of an insurance claim is not a basis for a tort claim in Maryland by a first-party claimant against an insurer. *Johnson v. Fed. Kemper Ins. Co.*, 536 A.2d 1211, 1213 (1988). *See Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001); *Schaefer v. Aetna Life & Cas. Co.*, 910 F. Supp. 1095, 1100 (D. Md. 1996). *Cf. Mesmer v. MAIF*, 725 A.2d 1053, 1061 (Md. 1999) ("a liability insurer's breach of the insurance contract by erroneously disclaiming coverage . . . gives rise only to a breach of contract action").

Parsons further muddies the waters by alleging that Allstate acted in bad faith when entering their agreement, but if this is an attempt to plead fraud, then it fails for want of particularity. *See* Fed. R. Civ. P. 9(b). Otherwise, Parsons is left with an allegation that Allstate maliciously entered into an insurance agreement with him, which, to the Court's knowledge, is not a cognizable claim under Maryland law. Thus, to the extent that Parsons has sought to cast his counterclaim as one sounding in tort, Allstate's motion is granted for the reason that Maryland law does not allow such a claim. To reiterate, Parsons's counterclaim solely for breach of contract remains in the case.

Even though the counterclaim for breach of contract is proper, Parsons has attempted to embellish it beyond what Maryland law permits by seeking punitive damages and attorney's fees. "[W]here actual malice is shown, punitive damages may be awarded in a tort action but not in an action for breach of contract." *Jacques v. First Nat. Bank of Md.*, 515 A.2d 756, 765 (Md. 1986). Further, Parsons's case does not fit within the narrow line of Maryland cases that are considered an anomaly to the "American rule," which does not allow shifting of attorney's fees to the losing party in the absence of a contractual provision, statute, or rule. *See generally Collier v. Md-Individual Pract. Ass'n, Inc.*, 607 A.2d 537 (Md. 1992). Thus, to the extent Parsons claims relief beyond that allowed by law, Allstate's motion is granted.

A separate order will be entered reflecting the opinion set forth in this memorandum.

Dated: May 26, 2010                            /s/
                                               James K. Bredar
                                               United States Magistrate Judge